FILED IN CLERK'S OFFICE

OCT 20 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JAY PHILLIP GRUND,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION** |
| | § | |
| **JAMES G. BODIFORD,** *individually and* | § | **FILE NO.:** _____ |
| *in his official capacity as Judge of the* | § | **1:10.CV-3394** |
| *Superior Court of Cobb County, Georgia* | § | |
| **TRACEY A. SPRINKLE,** | § | |
| **F. MARIAN WEEKS,** | § | |
| **AND JOHN H. WATSON,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## COMPLAINT

COMES NOW, Plaintiff, named above, by and through the undersigned counsel, and hereby files this Complaint, showing to the Court and averring as follows:

1

# I.

# **JURISDICTION AND VENUE**

1.

Jurisdiction of this Court is pursuant to 28 USC § 1331; 28 USC § 1343; and the Fourteenth Amendment to the Constitution of the United States. The Court has pendent jurisdiction over Plaintiff's state law claims pursuant to 28 USC § 1367.

2.

Jurisdiction of this Court is further authorized pursuant to 28 USC § 1332 as complete diversity exists for all claims and the matter in controversy exceeds the sum or value of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

3.

Venue in this action is proper under 28 USC § 1392, as all Defendants reside in the Northern District of Georgia.

4.

This action is brought for damages and other appropriate relief under 42 USC §§ 1983 and 1988 and the Fourteenth Amendments to the Constitution of the United States, for violation of Plaintiff's federal civil rights by Defendants, whose

actions were taken under color of state law, as well as state constitutional violations and state law torts.

## II.

## THE PARTIES

5.

Plaintiff Grund (hereinafter "Plaintiff" or "Grund") is an adult citizen of the United States of America. Plaintiff resides in the State of Hawaii and will accept service of all process concerning this action through his undersigned attorney.

6.

Defendant James G. Bodiford (hereinafter "Defendant Bodiford") is a Superior Court Judge for Cobb County, Georgia. Bodiford resides in Cobb County, Georgia and may be served at his place of employment located at 32 Waddell Street, Marietta, Cobb County, Georgia 30090. Defendant Bodiford is sued herein in both his individual capacity and in his official capacity as Judge of the Superior Court of Cobb County, Georgia. This Defendant is subject to the jurisdiction of this Court.

7.

Defendant Tracey A. Sprinkle (hereinafter "Defendant Sprinkle") is an adult resident of the State of Georgia. This Defendant resides and may be served at

1686 Hollander Court, Marietta, Cobb County, Georgia 30066. This Defendant is subject to the jurisdiction of this Court.

8.

Defendant F. Marian Weeks (hereinafter "Defendant Weeks") is an adult resident of the State of Georgia. This Defendant resides in Cobb County, Georgia and may be served at her place of employment located at 367 Atlanta Street, Marietta, Cobb County, Georgia, 30060. This Defendant is subject to the jurisdiction of this Court.

9.

Defendant John H. Watson (hereinafter "Defendant Watson") is an adult resident of the State of Georgia. This Defendant resides in Cobb County, Georgia and may be served at his place of employment located at 1205 Johnson Ferry Road, Suite 136, Marietta, Cobb County, Georgia 30068. This Defendant is subject to the jurisdiction of this Court.

## III.

## FACTUAL ALLEGATIONS

10.

Plaintiff Grund and Defendant Sprinkle obtained a divorce in the Superior Court of Cobb County, styled as Tracey A. Grund v. Jay Phillip Grund, Civil

4

Action File No. 99-1-7729-33, the Honorable Judge James G. Bodiford, presiding. The Final Judgment and Decree of Divorce, entered on October 2, 2000, incorporated a Settlement Agreement entered into between Grund and Defendant Sprinkle on September 29, 2000.

11.

The Settlement Agreement on Page 11, paragraph (e), provides: "It is further agreed that child support shall equal twenty-five percent (25%) of the Husband's gross income.[1] Said amount shall be determined based upon a yearly review of the Husband's W-2's on February 15 of each year."

12.

On December 12, 2005, Plaintiff Grund filed an action seeking modification of custody to designate himself as primary joint legal custodian of Grund and Defendant Sprinkle's two (2) sons, Joshua Phillip Grund and Zachary Joseph Grund, then age fourteen (14) and eleven (11), respectively, in the Superior Court of Cobb County, styled as Jay Phillip Grund v. Tracey A. Sprinkle, Civil Action File No. 05110056 - 33, the Honorable Judge James G. Bodiford, presiding. A Consent Temporary Order was entered on February 8, 2006, wherein Grund gained

---

[1] Or $895.00 per month, whichever was greater.

joint primary custody of the eldest child, while joint primary custody of the younger child remained with Defendant Sprinkle.

13.

On April 11, 2006, Defendant Sprinkle, through her counsel, filed an Application for Citation of Contempt against Grund for past due child support. A hearing was held on the Application on May 22, 2006. During the hearing, the trial court orally announced a tentative final hearing date of June 28, 2006.

14.

On June 22, 2006, six (6) days before the final hearing was to be held, Grund's counsel at the time, Mark Shriver, Esq., filed a Motion to Withdraw. In this Motion, Mr. Shriver represented, in a written pleading, to Grund and the trial court that "Plaintiff Jay Phillip Grund is hereby notified that there are presently no court dates set in this matter." Mr. Shriver also filed contemporaneously a Consent to Withdraw, signed and executed by Grund, containing the following sworn statement of Plaintiff Grund: "I have been informed by Mr. Shriver that there are presently no court dates set in this matter."

15.

Despite the trial court having obtained receipt of the Motion to Withdraw, which improperly notified Plaintiff Grund that no court dates were scheduled,

6

Defendant Bodiford held a final hearing on June 28, 2006, without Grund or his counsel in attendance. Grund did not attend the hearing as a result of reliance on the notice of his prior counsel, who had yet to receive approval from the trial court to withdraw prior to the final hearing.[2]

16.

Despite the fact that Grund remained unaware of the June 28, 2006 final hearing, the Defendant Bodiford entered a Final Order on February 18, 2007, *nunc pro tunc* to June 28, 2006. Paragraph two (2) of the Final Order as prepared by Defendant Sprinkle's counsel, incorrectly states that Grund's child support was to be calculated from his "gross" income and not, pursuant to the Settlement Agreement, from his W-2 income. Moreover, in Paragraph three (3) of the Final Order, the trial court incorrectly calculated Grund's child support amount based on items which were not W-2 income.[3] Based on these inaccuracies, the trial court created an arrearage and awarded Sprinkle One Hundred Nine Thousand Six Hundred Sixty-Six Dollars and 75/100 ($109,666.75) in immediate past due child support. Grund was further ordered to pay as monthly child support the amount of

---

[2] On July 7, 2006, the Defendant Bodiford entered an Order permitting the withdrawal of Mr. Shriver *nunc pro tunc* to June 22, 2006, despite Defendant Bodiford failing to ever make such an oral pronouncement on June 22, 2006. As such, this was an improper use of *nunc pro tunc* under Georgia law.

[3] Defendant Bodiford improperly included rental income and other non-W2 income.

7

Two Thousand Five Hundred Eighty-Two and 00/100 Dollars ($2,582.00) per month for Zachary Joseph Grund.

17.

On March 24, 2008, Defendant Sprinkle filed a Motion for Contempt in the Superior Court of Cobb County, styled as Tracey A. Sprinkle v. Jay Phillip Grund, Civil Action File No.: 08-1-2525-33, the Honorable Judge James G. Bodiford, presiding, alleging that Grund had failed to pay court ordered child support from the February 2007 Order. Defendant Bodiford entered an Order on Sprinkle's Motion for Contempt on June 18, 2009. In said Order, Defendant Judge Bodiford held that Grund now owed an additional Eighty-Six Thousand Two Hundred Eighty-Two and 00/100 Dollars ($86,282.00), in addition to the previously ordered One Hundred Nine Thousand Six Hundred Sixty-Six and 75/100 Dollars ($109,666.75), for a total of One Hundred Ninety-Five Thousand Nine Hundred Forty-Eight Dollars and 75/100 ($195,948.75). It is unclear how the Defendant Bodiford arrived at this number considering it had only been thirteen (13) months since the prior Order and Grund was to pay Two Thousand Five Hundred Eighty-Two and 00/100 Dollars ($2,582.00) per month.

18.

In Paragraph fourteen (14) of the June 18, 2009 Order, Defendant Bodiford held that: "The Defendant shall be incarcerated in the common jail of Cobb County, Georgia and may purge himself by his full compliance of this Order and the timely payment of the sums set out hereinabove." No action was ever taken pursuant to that Order to arrest Grund, who was at the time and remains a resident of Hawaii.

19.

Plaintiff Grund has been fortunate to hold properties, as a family trust, for the benefit of his children. These properties have always remained separate from any marital estate and Grund and Defendant Sprinkle had previously agreed not to figure the properties into the calculation of child support in reaching the Settlement Agreement in their Divorce.

20.

However, despite the agreement made by Defendant Sprinkle, Defendants, motivated by greed and an irrational animus towards Plaintiff, conspired to destroy Grund and the Grund family holdings.

21.

In or about December, 2009, Plaintiff offered to transfer a valuable piece of income property to Defendant Sprinkle in satisfaction of a substantial amount of the June 18, 2009 judgment.

22.

Defendant Sprinkle and her counsel, Defendants Weeks and Watson, summarily rejected that generous offer preferring to sell at a sheriff's sale two (2) income producing properties, 501 E. Johnson Ferry Road, Suite 250, Marietta, Georgia 30068 and 501 E. Johnson Ferry Road, Suite 200, Marietta Georgia 30068, valued at One Hundred Seventy-Five Thousand and 00/100 Dollars ($175,000.00) each, and sold at sheriff's sale for One Thousand and 00/100 Dollars ($1,000.00) and Nine Thousand and 00/100 Dollars ($9,000.00), respectively, in order to destroy Plaintiff Grund at any cost.

23.

Plaintiff Grund has sought to set aside the sheriff sales of and deeds to the two (2) income producing properties, 501 E. Johnson Ferry Road, Suite 250, Marietta, Georgia 30068 and 501 E. Johnson Ferry Road, Suite 200, Marietta Georgia 30068, which remains pending before the Superior Court of Cobb County, Georgia, styled as Jay Phillip Grund v. Sheriff Neil Warren in his capacity as

Sheriff of Cobb County and Sergeant Cindy Hughes in her capacity as an officer of the Cobb County Sheriff's Department, Michael Mullins, Dan Peak and Crescent Holdings & Investment, LLC, Civil Action File Number 10-1-2774.

24.

Said action was originally assigned to the Honorable Dorothy A. Robinson. Defendant Sprinkle was not named as a party-defendant therein.

25.

Defendants Sprinkle, Watson and Weeks attempted to intervene in the action in opposition to the sheriff sales being set aside and to have the case transferred to Defendant Judge Bodiford (despite Plaintiff Grund having received an offer for the properties for over One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00), which would have been paid to Defendant Sprinkle if allowed to proceed to closing).

26.

Judge Robinson transferred the case to Defendant Judge Bodiford, upon which Defendant Sprinkle immediately withdrew her motion to intervene.

11

27.

Defendant Bodiford subsequently recused himself from the case due to his relationship with the Sheriff's Office, therein. At the time of this instant filing, the matter remains pending before the Honorable Mary E. Staley.

28.

Defendant Sprinkle and her counsel, Defendants Weeks and Watson, requested the State of Hawaii to register for enforcement the Final Order filed on February 19, 2007, by and before Defendant Bodiford, Judge of the Superior Court of Cobb County, State of Georgia, in Civil Action File Number 05-1-10056-33. The State of Hawaii registered the February 19, 2007 Final Order on December 21, 2009, in the Family Court of the Second Circuit, captioned Child Support Enforcement Agency, State of Hawaii, and Tracey A. Sprinkle, Petitioners vs. Jay Phillip Grund, Respondent, UIFS (FR) No. 09-1-0097. Grund timely requested a hearing on January 12, 2010.

29.

The Hawaii Court held a hearing on August 16, 2010, in which all parties were represented by counsel by telephone. The Court held that over Two Hundred Twenty-Five Thousand and 00/100 Dollars ($225,000.00) in satisfaction of alleged arrearages and current child support has been paid directly to Defendant Sprinkle

and that the parties are in disagreement about the current arrearage balance as of a given date such as July 31, 2010, and that there is no agency record or court order reflecting the amount of child support owed. Further, the Court, with consent of all parties, confirmed the registration of the February 19, 2007 Final Order for enforcement of child support by Hawaii.

30.

Hawaii assumed jurisdiction over the parties and the subject matter and Defendant Weeks appeared on the action as counsel for Defendant Sprinkle.

31.

On or about April 23, 2010, Defendants Sprinkle, Weeks and Watson took out an Application for Arrest Warrant for Abandonment, Magistrate Court of Cobb County, Warrant No. 10W5081, the Honorable Joan V. Bloom, presiding.

32.

An Application for Arrest Warrant for Abandonment was subsequently granted by the Honorable Joan Bloom of the Magistrate Court of Cobb County and a warrant was issued for the charge of felony abandonment.

33.

Defendant Weeks informed Plaintiff's counsel that the abandonment charge was based on his owing Fifteen Thousand Three Hundred Twenty-Six and 00/100 Dollars ($15,326.00) in missed child support.

34.

Plaintiff, at the direction of Judge Bloom, the magistrate judge who issued the arrest warrant, immediately paid Fifteen Thousand Three Hundred Twenty-Six and 00/100 Dollars ($15,326.00) to Defendants Weeks and Sprinkle to have the arrest warrant withdrawn on May 24, 2010.

35.

Despite being paid the full amount being complained of in the warrant application for the charge of abandonment, Defendants Sprinkle, Weeks and Watson refused to withdraw the arrest warrant.[4]

---

[4] Plaintiff Grund was incarcerated under the Abandonment Arrest Warrant from August 10, 2010 to August 18, 2010 and was released on bond of $5,000.00. However, this incarceration is not being complained of herein, as it is separate and distinct from the incarceration caused by Defendant Bodiford's invalid Order(s), as procured by Defendants Sprinkle, Weeks and Watson. The Felony Abandonment charge is currently pending in the Magistrate Court of Cobb County, styled as State of Georgia v. Jay Phillip Grund, Warrant Number: 10-W-5081, Judge Bloom presiding.

14

36.

Defendants Sprinkle, Weeks and Watson filed an action for Contempt against Plaintiff Grund before Defendant Bodiford on August 25, 2010, styled Tracey A. Sprinkle v. Phillip J. Grund, Superior Court Cobb County, Georgia, Civil Action File Number 10-1-8506-33, again in an effort to collect previously paid child support.

37.

Although the above factual history displays serious abuses of process and a history of conspiracy against Grund by Defendants Sprinkle, Weeks, Watson and Bodiford underlying this present suit, the unconstitutional actions being complained of in this civil action began on July 1, 2010.

38.

Between June 18, 2009 and July 1, 2010, Defendant Sprinkle and her counsel received the following payments[5] from Plaintiff Grund:

(a)    Ten Thousand and 00/100 Dollars ($10,000.00) from the levy and

        sheriff sale of 501 East Johnson Ferry Road, Suites 200, Marietta,

---

[5] The actual amount of the monies paid by Plaintiff Grund is unknown as Defendants have failed to provide Plaintiff Grund with a detailed accounting despite requests.

15

Georgia 30068 and 501 East Johnson Ferry Road, Suites 250, Marietta, Georgia 30068[6] (February, 2010);

(b)     Garnishments of at least Twenty-Three Thousand and 00/100 Dollars ($23,000.00) (as of January, 2010) from income producing properties[7];

(c)     Fifteen Thousand Three Hundred Twenty-Six and 00/100 Dollars ($15,326.00) as a result of an abandonment charge brought by Defendant Sprinkle and her attorneys Defendants Weeks and Watson[8];

(d)     Thirty Thousand and Dollars ($30,000.00), demanded by Defendants Sprinkle, Watson and Weeks, paid by Plaintiff Grund to Defendant

---

[6] The sheriff sales of these properties are currently involved in pending litigation (Jay Phillip Grund v. Sheriff Neil Warren in his capacity as Sheriff of Cobb County and Sergeant Cindy Hughes in her capacity as an officer of the Cobb County Sheriff's Department, Michael Mullins, Dan Peak and Crescent Holdings & Investment, LLC, Superior Court of Cobb County, Civil Action File No. 10-1-2774) contesting the validity of the sheriff sales as being infected with errors, irregularities and fraud as evidenced by the grossly inadequate sale price as the properties were purchased by Grund for One Hundred Seventy-Five Thousand and 00/100 ($175,000.00) each in 2007, but sold at sheriff sales for a combined Ten Thousand and 00/100 Dollars ($10,000.00) (less than 3.5% of the actual value).
[7] The actual amount is unknown as Defendants Sprinkle, Weeks and Watson have failed, despite numerous requests, to provide a detailed accounting of the garnished payments.
[8] Despite the full payment of the amount listed in the abandonment charge, Defendant Sprinkle and her attorneys Defendants Weeks and Watson have failed to withdraw the arrest warrant for the abandonment charge.

16

Sprinkle to postpone the scheduled sheriff sales of 707 Whitlock Avenue, Suites F-2, Marietta, Georgia 30068 and 707 Whitlock Avenue, Suites F-3, Marietta, Georgia 30068 to allow the properties to be sold non-judicially;

(e)   One Hundred Nineteen Thousand and 00/100 Dollars ($119,000.00) for the eventual sale of 707 Whitlock Avenue, Suites F-2, Marietta, Georgia 30068 and 707 Whitlock Avenue, Suites F-3, Marietta, Georgia 30068; and,

(f)   Continuing child support payments.

39.

On July 1, 2010, Defendant Bodiford, without prior notice to Plaintiff or his counsel, without any hearing in open court, and in concert with Defendants Sprinkle, Weeks, and Watson, inappropriately and extra-judicially used his power as a Superior Court Judge of Cobb County, Georgia, under color of state law, to enter an *ex parte* order modifying/amending the June 16, 2009 Order in Civil Action File No.: 08-1-2525-33, as prepared and presented by Defendants Weeks and Watson, to intentionally violate Grund's constitutional rights. In this Order, the purge amount stated was changed from One Thousand Ninety-Five Thousand Nine Hundred Forty-Eight and 75/100 Dollars ($195,948.75) to One Hundred Seventy-

17

Three Thousand Ninety and 43/100 Dollars ($173,090.43). The Order stated: "The provisions cited above from the June 19, 2009 *Order for Motion on Contempt* entered in Civil Action File Number: 08-1-2525-33 related to Civil Action File Number: 05-1-10056-33, attached hereto as Exhibit "A", shall be deemed an active arrest warrant, giving the Cobb County Sheriff's Office or the Sheriff's Office in the county where Jay Phillip Grund is located, authority to issue a warrant for the arrest of Jay Phillip Grund." The Order further stated: "The Defendant [Grund] shall be incarcerated in the common jail of Cobb County, Georgia and may purge himself by the full compliance of this Order by paying the full amount of One Hundred Seventy-Three Thousand Ninety Dollars and 43/100 Dollars ($173,090.43) as identified by Exhibit "B" attached hereto explaining the reduced amount owed by the Defendant, Jay Phillip Grund, to the Sheriff of Cobb County, State of Georgia." The July 1, 2010 Order (with exhibits) is attached hereto as Exhibit "A".

40.

The July 1, 2010 Order also included an attachment, as Exhibit "B" thereto, produced by Defendants Sprinkle, Weeks and Watson, purportedly of Sprinkle's payment schedule as prepared by Defendants Sprinkle, Weeks and Watson, which, due to the fact that there was no legal proceeding, was never verified or admitted

18

into evidence. Said attachment stated that the amount owed by Grund was One Thousand Seventy-Three Thousand Ninety and 43/100 Dollars ($173,090.43).

41.

The July 1, 2010 Order was outside the term of court of the previous Final Order, which, pursuant to O.C.G.A. § 15-6-3, expired on July 13, 2009.

42.

The July 1, 2010 Order was extra-judicial, illegal and void, and neither Plaintiff Grund nor his counsel received notice, a hearing, or a copy of the Order in violation of his constitutional and statutory rights.

43.

In fact, the amount listed in the July 1, 2010 Order, as adduced by the payment schedule attachment created by Defendants Sprinkle, Weeks and Watson, attached thereto as Exhibit "B", was incorrect and failed to include all payments made by Plaintiff Grund.

44.

On July 12, 2010, Defendant Bodiford, again without prior notice to Plaintiff Grund or his counsel, without any hearing in open court, and in concert with Defendants Sprinkle, Weeks, and Watson, inappropriately and extra-judicially used

19

his power as Superior Court Judge of Cobb County, under color of state law, to enter an *ex parte* Amended Order modifying/amending the already void and illegal July 1, 2010 Order, as prepared and presented by Defendants Weeks and Watson, to intentionally violate Plaintiff's constitutional rights. The July 12, 2010 Order is attached hereto as Exhibit "B".

45.

The purge amount in the July 12, 2010 Amended Order was again changed, this time from One Hundred Seventy-Three Thousand Ninety and 43/100 Dollars ($173,090.43) to Fifty-Two Thousand Six Hundred Nine and 49/100 Dollars ($52,609.49).[9] The Amended Order stated: "The provisions cited above from the June 19, 2009 *Order for Motion on Contempt* entered in Civil Action File Number: 08-1-2525-33 related to Civil Action File Number: 05-1-10056-33, attached hereto as Exhibit "A", shall be deemed an active arrest warrant, giving the Cobb County Sheriff's Office or the Sheriff's Office in the county where Jay Phillip Grund is located, authority to issue a warrant for the arrest of Jay Phillip Grund." The Amended Order further stated: "The Defendant [Grund] shall be incarcerated in the common jail of Cobb County, Georgia and may purge himself

---

[9] In addition to the funds received by Defendants Sprinkle, Weeks and Watson in Paragraph 23, Plaintiff Grund paid Fifty-Two Thousand Six Hundred Nine and 49/100 Dollars ($52,609.49), the balance alleged on Defendant Bodiford's illegal July 12, 2010 Order.

by the full compliance of this Order by paying the full amount of Fifty-Two Thousand Six Hundred Nine Dollars and forty-nine cents ($52,609.49) as identified by Exhibit "B" attached hereto explaining the reduced amount owed by the Defendant, Jay Phillip Grund, to the Sheriff of Cobb County, State of Georgia."

46.

This Order, like the previous July 1, 2010 Order, incorporated an attachment (Exhibit "B" thereto) produced and presented *ex parte* by Defendants Sprinkle, Weeks and Watson, of a payment schedule. This attachment was prepared by Defendants Sprinkle, Weeks and Watson, which, as there was no legal proceeding, was never verified or admitted into evidence.

47.

As was the case with the July 1, 2010 Order, the July 12, 2010 Order was outside the term of court, extra-judicial, illegal, and void, and neither Plaintiff Grund nor his counsel received notice, a hearing, or a copy of the Order in violation of his constitutional and statutory rights.

48.

Defendants Sprinkle, Weeks and Watson admitted in a pleading entitled "Plaintiff's Initial Response to Defendants' Motion for Supersedeas" filed on August 4, 2010 that the July 12, 2010 Amended Order was not a new order finding

21

Grund in Contempt but "rather is merely an order reciting the previous order and specifying an updated purge amount." In other words, the July 12, 2010 Amended Order of Defendant Bodiford, as prepared by Defendants Sprinkle, Weeks and Watson, attempted to modify/amend the June 19, 2009 Order for Motion on Contempt, despite being *ex parte* and outside the term of court.

49.

Defendants Weeks and Watson, as licensed and experienced attorneys and as officers of the court, should have known or did know that the July 1, 2010 Order and the July 12, 2010 Amended Order, as well as the exhibits included therein, were prepared and presented to Defendant Bodiford *ex parte*, without notice or hearing, out of term, without properly admitted evidence, and as such were void and violated Plaintiff Grund's constitutional rights. As such, Defendants Weeks and Watson intended to and did so violate Plaintiff Grund's constitutionally protected liberty and rights and caused procedurally invalid process to issue resulting in the unlawful arrest, detention, incarceration and deprivation of personal liberty of Plaintiff Grund.

50.

Subsequently, these void orders[10] were sent to the Sheriff's Department of Maui County, Hawaii, by Defendants, commanding the incarceration of Plaintiff Grund, *instanter*.

51.

As a result, Plaintiff Grund, was arrested, detained and incarcerated in the Common Jail of Maui County, Hawaii on July 26, 2010, as required by and due to the July 12, 2010 Amended Order of Defendant Bodiford.

52.

Plaintiff was not allowed immediate communications with his counsel of record, Attorney Douglas J. Davis.

53.

Plaintiff Grund, a non-epileptic seizure patient, remained incarcerated until August 5, 2010 as a result of these void orders, without adequate treatment for his condition. After payment of the purge amount of Fifty-Two Thousand Six Hundred Nine and Forty-Nine Dollars ($52,609.49) by Plaintiff Grund to the Sheriff of Cobb County, Georgia, Defendant Bodiford issued an Order for Immediate Release from Incarceration on August 5, 2010, the active arrest warrant created by

---

[10] The July 1, 2010 and July 12, 2010 Orders.

the July 12, 2010 Amended Order was cancelled, and Plaintiff Grund was released from incarceration. The August 5, 2010 Order for Immediate Release from Incarceration is attached hereto as Exhibit "C".

54.

At no time prior to his incarceration was Plaintiff Grund or his counsel made aware, noticed, informed, or served a copy of the July 1, 2010 Order and the July 12, 2010 Amended Order. Both the July 1, 2010 Order and the July 12, 2010 Amended Order have no Certificate of Service attached.

55.

Plaintiff Grund's counsel of record first received a copy of the July 12, 2010 Amended Order from the Maui Sheriff's Office after the arrest and incarceration of Plaintiff Grund.

56.

As a result of these void orders, entered *ex parte*, without notice or a hearing, and incorporating unverified and untested documents not admitted into evidence, Plaintiff Grund's Due Process and constitutional rights were violated.

57.

Defendant Bodiford, in concert with Defendants Sprinkle, Weeks and Watson, acted under color of law, through his official position as Superior Court

24

Judge of Cobb County, to intentionally deprive Grund of his constitutional rights by entering illegal, void, *ex parte*, outside of term Order(s) completely void of jurisdiction in the matter.

58.

The unconstitutional actions of Defendant Bodiford were not "judicial" in nature, as they were not performed in his "judicial capacity." Defendant Bodiford completely lacked jurisdiction to enter such orders.

59.

Plaintiff Grund was incarcerated for ten (10) days as a direct and proximate result of Defendant Bodiford's improper and illegal exercise of an *ex parte,* extra/non-judicial function, under color of state law, and the actions of Defendants Sprinkle, Weeks and Watson, in furtherance of the conspiracy of Defendants to deprive Plaintiff Grund of his constitutional rights.

60.

The unconstitutional actions of the Defendants, acting under color of state law and in unison in furtherance of their conspiracy to violate Plaintiff Grund's constitutional rights, were the direct and proximate cause of the impairment of Plaintiff Grund's constitutional rights, which require civil damages to remedy.

## IV.

## CLAIMS

## COUNT ONE - VIOLATION OF 42 U.S.C. 1983 DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW

61.

Plaintiff re-alleges and incorporates by references as if fully set out Paragraphs one (1) through sixty (60) above.

62.

At all times relevant to the Complaint in this case, the actions of each of the Defendants in this case were actions taken under the color of state law as the same is contemplated by 42 USC § 1983.

63.

Defendants conspired and acted in concert to deprive Plaintiff of his due process rights and violated rights guaranteed to him by the Fourth Amendment to the Constitution of the United States (as made applicable to the States by the Fourteenth Amendment) and Fourteenth Amendment Due Process Clause of the Constitution of the United States.

64.

The actions of each of the individual Defendants in this case were intentional and deliberate.

26

65.

The actions of each of the individual Defendants in this case were deliberately indifferent, willful and malicious and such actions were performed in the bad faith execution of their duties and responsibilities as imposed upon these Defendants by law.

66.

As a result of the aforementioned, the Plaintiff Grund has suffered damages in an amount to be proven at trial, incurred as a result of the actions of the Defendants. Plaintiff Grund has suffered humiliation, emotional and physical distress, and deprivation of his civil liberties as a result of his illegal incarceration for a period of ten (10) days. Pursuant to 42 USC § 1988, Plaintiff Grund seeks an award of attorney fees and costs incurred in bringing this action.

67.

The Plaintiff Grund is entitled to recover nominal, compensatory, and punitive damages from each Defendant for the constitutional deprivations resulting in his illegal incarceration that he suffered by reason of the unlawful activities of the Defendants herein in an amount to be determined by the enlightened conscience of the jury but not less than One Million Dollars ($1,000,000.00).

## COUNT TWO – FALSE IMPRISONMENT

68.

Plaintiff re-alleges and incorporates by references as if fully set out Paragraphs one (1) through sixty-seven (67) above.

69.

Defendants committed the tort of false imprisonment by issuing procedurally invalid process resulting in the unlawful detention of Plaintiff Grund for a period of ten (10) days, whereby Plaintiff Grund was deprived of his personal liberty.

70.

The July 12, 2010 Amended Order was illegal, void, out of term, and issued *ex parte,* without hearing or notice provided to Plaintiff Grund or his counsel, and the arrest warrant issued therefrom was invalid and unlawful and done under void, inadequate and invalid process.

71.

The Defendants acted in bad faith and displayed an entire want of care and were deliberately indifferent to the consequences of their actions in depriving Plaintiff Grund of his personal liberty and freedom resulting in his unlawful incarceration, thereby causing Plaintiff Grund to suffer physical pain and mental anguish. Plaintiff Grund has been brought into public scandal, infamy and

28

disgrace and has been greatly humiliated thus entitling Plaintiff Grund to an award of compensatory, nominal and punitive damages from each Defendant in an amount to be determined by the enlightened conscience of the jury but not less than One Million Dollars ($1,000,000.00).

## COUNT THREE- INJUNCTIVE RELIEF

72.

Plaintiff re-alleges and incorporates by references as if fully set out Paragraphs one (1) through seventy-one (71) above.

73.

Defendants are further unjustly enriching themselves at Plaintiff Grund's expense by litigating current matters and bringing additional actions against him in front of Defendant Bodiford, Judge of the Superior Court of Cobb County, and the presiding judge in the actions between Plaintiff Grund and Defendant Sprinkle.

74.

Plaintiff Grund will suffer irreparable harm and further deprivations of his rights if Defendants are permitted to further conspire and subject him to *ex parte*, arbitrary and illegal actions committed under color of law by and before Defendant Bodiford, in his official capacity as Judge of Superior Court of Cobb County, in

29

the pending and ongoing litigation between Plaintiff Grund and Defendant Sprinkle.

75.

The Court is requested to enjoin Defendants from engaging in any further *ex parte* actions relating to or concerning Plaintiff Grund and to further enjoin Defendant Bodiford from acting as presiding judge in any and all matters, currently pending or in the future, concerning or related to Plaintiff Grund.

## V.

## DAMAGES

76.

Plaintiff re-alleges and incorporates by references as if fully set out Paragraphs one (1) through seventy-five (75) above.

77.

Plaintiff Grund, a seizure patient, was wrongfully detained and incarcerated in a common jail for ten (10) days, in violation of his constitutionally protected rights and as a result of Defendants' spiteful, conspiratorial, malicious, illegal and wrongful actions as further stated in Count One and Count Two, above.

30

78.

During the time of the unlawful incarceration, Plaintiff Grund was unable to sufficiently access the treatment necessary for his non-epileptic seizure condition. In violating his constitutional rights and causing his unlawful and wrongful detention and incarceration, Defendants have caused Plaintiff Grund to suffer physical pain and mental anguish, as well as causing Plaintiff Grund great humiliation and to have been brought into public scandal, infamy and disgrace.

79.

The measure of the damages to which Plaintiff is entitled from each individual Defendant is to be determined by the enlightened conscience of impartial jurors but not less than One Million Dollars ($1,000,000.00) for each count.

WHEREFORE, Plaintiff respectfully prays for the following:

(a)    That, summons be issued;

(b)    That, a jury be empanelled;

(c)    That, Plaintiff be awarded nominal, compensatory, and punitive damages from each individual Defendant in an amount not less than One Million Dollars ($1,000,000.00) for the deprivation of his constitutionally protected rights resulting in his unconstitutional

31

incarceration, or such greater amount as may be determined by the enlightened conscience of the jury;

(d)   That, Plaintiff be awarded nominal, compensatory, and punitive damages from each individual Defendant in an amount not less than One Million Dollars ($1,000,000.00) for his false imprisonment, or such greater amount as may be determined by the enlightened conscience of the jury;

(e)   That, Defendants be enjoined from participating in any further *ex parte* actions relating to or concerning Plaintiff;

(f)   That, Defendant Bodiford be enjoined from presiding over any and all matters concerning or relating to Plaintiff Grund.

(g)   That, Plaintiff Grund be awarded attorney fees and costs of bringing this action; and

(h)   That, the Court award such other and further relief as it deems appropriate.

*(Signatures on following page)*

32

Respectfully submitted, this the _____ day of October, 2010.

Douglas J. Davis
Georgia State Bar No.: 207950

BELLI, WEIL, GROZBEAN & DAVIS, LLP
8010 Roswell Road, Suite 200
Atlanta, Georgia 30350
Telephone No.: (770) 993-3300
Facsimile No.: (770) 552-0100

Bryan J. Rush
Georgia State Bar No.: 201097

Peter A. Rivner
Georgia State Bar No.: 708970
Attorneys for Plaintiff

33